IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-52,074-03






EX PARTE CARLOS MORRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F12023-2004 IN THE 145TH DISTRICT COURT


FROM NACOGDOCHES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to twenty years' imprisonment. The Twelfth Court of
Appeals dismissed his appeal. Morris v. State, No. 12-04-00277-CR (Tex. App.-Tyler, Sept. 8,
2004, no pet.).

 Applicant contends that trial counsel's advice was deficient and that, as a result, his plea was
rendered involuntary. The trial court recommended that we deny relief. We believe that the trial
court's findings of fact and conclusions of law are not sufficient to resolve Applicant's claim. In a
sworn affidavit, trial counsel stated that he advised Applicant that he had been charged with a third
degree felony and that if he insisted on a trial, he could be sentenced to twenty-five to ninety-nine
years or life based on the enhancement paragraphs in the indictment. Tex. Pen. Code § 12.42(d). The
trial court concluded that counsel's advice was not deficient. Based on the record before this Court,
however, Applicant was charged with a state jail felony. Tex. Pen. Code § 71.02(b) (Vernon 2004)
(amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994). 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether
Applicant's plea was rendered involuntary. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 10, 2008

Do not publish